**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARL ETHRIDGE, | No. CIV S-06-1357-DFL-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| DIRECTOR OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff names the following as defendants: "Director of Corrections," and Darryl Cain. Plaintiff states that he has made prison official aware of alleged criminal activity on the part of correctional officers. Specifically, plaintiff alleges that correctional officers were involved with drug and alcohol smuggling. Plaintiff asserts that his conduct in bringing this to the attention of prison officials justifies a sentence reduction. Plaintiff also states that prison officials agreed to transfer him to another prison as a result of his conduct. Finally, plaintiff complains that he was tricked into selling his radio to another inmate and that defendant Cain has failed to return his radio, despite his promise to do so.

Plaintiff seeks the following relief:

> I would like for the court to order Darryl Cain . . . to replace or compensate me for my radio. I would like for the court to order prison officials to honor their agreement to transfer me to Donovan Prison. I would like for the court to review all of my evidence of criminal activity by corrections staff. If the court finds that there is a high level of criminal activity by corrections staff for the court to take action.

Thus, it appears that plaintiff seeks compensatory damages and various forms of equitable relief.

/ / /

/ / /

## II. DISCUSSION

Plaintiff's complaint suffers from a number of fatal defects.

First, as to defendant "Director of Corrections," who necessarily holds a supervisory position, plaintiff has failed to adequately allege supervisory liability or to link this defendant to any constitutional deprivation.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  See id.   When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In this case, plaintiff makes no allegations as to defendant "Director of Corrections."  Thus, he has failed to establish any causal link to an alleged constitutional violation.  It is clear that plaintiff seeks to attach liability to this defendant simply because of his status as a supervisory defendant and not because of anything the "Director of Corrections" did or failed to do.

Second, as to defendant Cain, at best plaintiff's complaint attempts to state a due process property deprivation claim.  However, the complaint fails to set forth such a claim.  The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  Due process protects against the deprivation of

3

property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Here, plaintiff states that he sold his radio to another inmate for $100.00. Therefore, it is not possible for plaintiff to have suffered a constitutionally cognizable property deprivation. While it may be true that plaintiff was "tricked" by defendant Cain into selling his radio, this does not rise to the level of a constitutional deprivation of property without due process, especially given that plaintiff sold the radio and received monetary compensation for its value. In short, plaintiff has not been unconstitutionally deprived of property – it has merely changed form from a radio to money.

Third, with respect to plaintiff's assertion that defendants have violated his constitutional rights by failing to transfer him to another prison, there is no such constitutional guarantee. See e.g. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976). While prisoners do have a liberty interest in not being transferred for involuntary psychiatric treatment, see Vitek v. Jones, 445 U.S. 480, 494 (1980), and not being transferred in retaliation for exercising their First Amendment rights, see Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), plaintiff has alleged neither circumstance.

Finally, as to plaintiff's assertions that prison officials are involved in criminal activity, plaintiff has not alleged that such activity caused him to suffer a constitutional violation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the defendants and alleged constitutional deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Here, plaintiff has not even identified the correctional officers allegedly involved in criminal activity, let alone state how that activity resulted in a constitutional violation.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed and that the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 5, 2006.

　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE